AO 106 (Rev. 01/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | | |
|---|---|---|
| In the Matter of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>The Use of a Cell-Site Simulator to Locate the Cellular Device Assigned Call Number 614-360-5113<br>(IMSI Number 312 530 202 701 642) | )<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>2:20-mj-275 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ____Southern____ District of ____Ohio____ *(identify the person or describe property to be searched and give its location)*:

> See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

> See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __21__ U.S.C. § __846__, and the application is based on these facts: See Affidavit in Support of an Application for a Search Warrant. To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by DEA. See 18 U.S.C. §§ 3122(b), 3123(b).

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*[signature]*
*Applicant's signature*

Sheila G. Lafferty, Assistant United States Attorney
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __April 15, 2020__

City and state: __Columbus, Ohio__

*[signature]*
Kimberly A. Jolson
United States Magistrate Judge

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number 614-360-5113, with International Mobile Subscriber Identity Number 312 530 212 701 642, whose wireless provider is Sprint, and whose listed subscriber is Donny BENNINGTON.

## ATTACHMENT B

Pursuant to an investigation of members of a drug trafficking organization for violations of Title 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance), this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE SPRINT CELLULAR DEVICE ASSIGNED CALL NUMBER 614-360-5113, WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY NUMBER 312 530 212 701 642 | Case No. _____<br><br>Filed Under Seal |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Christopher Cadogan, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number **614-360-5113** with International Mobile Subscriber Identity (IMSI) Number 312 530 212 701 642 (the "Target Cellular Device"), which is described in Attachment A.

2. I am a Special Agent with the United States Drug Enforcement Administration (DEA). I have been employed as a Special Agent since January of 1997 and I am currently assigned to the DEA's Columbus District Office, General Enforcement Group 2. This is a federal drug task force consisting of narcotics investigators from the DEA, Ohio State Highway Patrol (OSP), Columbus Police Department (CPD), Franklin County Sheriff's Office (FCSO), Upper Arlington Police Department, and the Westerville Police Department. This task force specializes in investigations targeting individuals and organizations that are involved in the distribution of methamphetamine, cocaine, heroin, and fentanyl. This task force is focused primarily on Mexican Drug Trafficking Organizations involved in the distribution of heroin and fentanyl in Central Ohio. Prior to being

employed by the DEA, I was employed as a United States Border Patrol Agent for approximately two (2) and one-half years. I have been a federal agent with the authority to investigate and make arrests for federal narcotics violations for approximately twenty-four years. I have received specialized DEA training in narcotics investigations. I have participated in hundreds of criminal investigations involving the manufacture, packaging, and distribution of methamphetamine, cocaine, and heroin. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Device is currently located somewhere within this district because according to location data for the Target Cellular Device obtained pursuant to a state of Ohio search warrant, the Target Cellular Device is currently located in the central Ohio area. However, the location data cannot pinpoint the exact location of the Target Cellular Device or determine exactly who is carrying the Target Cellular Device. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance) have been committed, are being committed, and will be committed by Donny BENNINGTON and unknown persons who are trafficking methamphetamine in the Hilltop

2

neighborhood of Columbus, Ohio. There is also probable cause to believe that the location of the Target Cellular Device will constitute evidence of those criminal violations, including leading to the identification of individuals who are engaged in the commission of these offenses and identifying locations where the target engages in criminal activity.

6. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

7. On April 5, 2020, Your Affiant telephonically debriefed a DEA confidential source (CS) concerning a purported mid-level methamphetamine trafficker known as "Bub". The CS has, in the past, provided law enforcement with information which was later corroborated through independent investigation, thus the CS is considered reliable. The CS has also been instrumental in the initiation of 3 successful DEA investigations over the last 12 months. Subsequent investigation by law enforcement has identified "Bub" as Donny BENNINGTON. According to the CS, BENNINGTON is currently distributing multi-ounce quantities of methamphetamine, cocaine, heroin, and fentanyl. BENNINGTON had previously been a street dealer, selling user amounts of methamphetamine and heroin to drug users in the Hilltop neighborhood of Columbus, Ohio but, according to the CS, BENNINGTON owed this opportunity to step up to a series of arrests by the DEA and the Columbus Police Department. Your Affiant is aware that in late 2019, the DEA arrested an individual on drug charges in Columbus, Ohio and that individual was known to be BENNINGTON's source of supply.

3

8. According to the CS, BENNINGTON was utilizing cellular telephone **614-360-5113** to facilitate his drug trafficking business. The CS advised Your Affiant that BENNINGTON was willing to sell the CS, or one of the CS's business associates four ounces of methamphetamine. However, BENNINGTON was unable to quote a price because currently the prices for methamphetamine are in flux because of the Coronavirus pandemic. According to the CS, BENNINGTON claimed to have "a sweet ass connect" who was with the "cartel" in Chicago.

9. According to records obtained from Sprint for cellular telephone **614-360-5113**, the subscriber information is listed as Donny BENNINGTON with a listed address in Grove City, Ohio.

10. Recent toll analysis of BENNINGTON's cellular telephone has revealed it to be in contact with two known drug traffickers. One of these known drug traffickers is a methamphetamine distributor from Chicago who has twice been the target of a DEA Chicago Field Division investigation.

11. To date, DEA special agents and task force officers have been attempting unsuccessfully to locate BENNINGTON by utilizing GPS/precision location information of the cellular telephone that he is carrying. Investigators believe that if they can physically locate BENNINGTON, by use of the device described in Attachment B over a period of thirty days, they can further this DEA investigation of BENNINGTON and his drug trafficking operation. In my experience, cell site locator/cell tower data, subscriber information, and GPS/precision location information yields information that is relevant to a narcotics trafficking investigation. Such information includes leads relating to: (1) the location of "stash" houses where the narcotics are being stored; (2) the location of money transfer businesses and other money "stash" locations used to receive, process and launder the proceeds of the narcotics trafficking operation, and (3) the location of customers of the narcotics trafficking organization. Cell site locator/cell tower data is also useful in identifying the scope of the narcotics trafficking organization's operations, because it can be used

4

to identify the geographical locations where telephone calls begin and end, and the scope of the travel of the different members of this drug trafficking organization.

12. Furthermore, in my experience, GPS/precision location information, cell site locator/cell tower data, and subscriber information yields information that is relevant and material to narcotics trafficking investigations. Such information includes leads relating to: (1) the names of suspected suppliers, customers and other individuals who assist in the distribution of narcotics; (2) the location of "stash" houses where narcotics are stored; (3) the identity of transportation sources used by the narcotics traffickers; and (4) the locations of money transfer businesses used by members of the operation to launder proceeds of narcotics trafficking activities or through which money is exchanged with co-conspirators. Based upon my training and experience, one way to identify co-conspirators is to obtain subscriber information for calls made to the targeted telephone and then conduct an investigation concerning those names and addresses. Based upon subscriber information, I would then direct other investigators to conduct surveillance at the addresses and determine if criminal activity was occurring there, which in turn could yield potential names of co-conspirators and potential narcotics storage locations ("stash houses") used by the organization. Thus, identifying the subscribers of the telephones contacting the targeted telephone will allow me to further identify sources of supply, distributors, facilitators, management members, couriers and the customers of this narcotics trafficking organization.

## MANNER OF EXECUTION

13. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

14. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cellular phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the location of the Target Cellular Device, even if it is located inside a house, apartment, or other building.

15. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

16. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

6

17. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

18. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

19. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

//
//
//
//
//
//
//

20. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

Christopher Cadogan
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on     April 15, 2020   , 2020.

Kimberly A. Jolson
United States Magistrate Judge

8